# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Mathew Gray,
    Petitioner,

vs.                                   Case No. 1:03cv520
                                       (Dlott, J.; Black, M.J.)

Ernie Moore,
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, brings this action through counsel for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, and petitioner's traverse. (Docs. 1, 9, 18).

### Factual and Procedural Background

      The 2000 term of the Hamilton County, Ohio, Grand Jury indicted petitioner on one count of aggravated murder as defined in Ohio Rev. Code § 2903.01(A) and one count of kidnapping as defined in Ohio Rev. Code § 2905.01(A)(2), both with firearm specifications. (Doc. 9, Ex. 1). Following a jury trial, petitioner was convicted of all charges. (Doc. 9, Ex. 4). On July 30, 2001, the trial court sentenced petitioner to consecutive terms of life in prison with parole eligibility after twenty years for aggravated murder, ten years for kidnapping, and three years mandatory for the specification. (*Id.*, Ex. 7).

With the assistance of new counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, alleging that trial counsel was ineffective for failing to request a jury instruction on a lesser offense. (Doc. 9, Ex. 12). Appellate counsel also submitted five *pro se* assignments of error, which included a claim that petitioner was wrongly removed from the courtroom. (*Id.*). On March 13, 2002, petitioner submitted a supplementary *pro se* brief which the court accepted, but any further *pro se* filings were stricken by the court. (Doc. 9, Exs. 15, 16, 17, 18, 19, 20). On June 19, 2002, the Ohio Court of Appeals affirmed the judgment of the trial court, overruling all of petitioner's assignments of error. (*Id.*, Ex. 21).

The Ohio Court of Appeals made the following factual findings with respect to the offenses, which are presumed correct:[1]

> The evidence adduced by the state at trial showed that Gray, a resident of Columbus, Ohio, had a long-standing dispute with his brother. As part of his duties as the court-appointed guardian of their elderly father, Daniel had sold the father's real property. Gray had stored a construction crane on his adjoining parcel of land. The crane disappeared, and Gray suspected Daniel of stealing it.
>
> On October 6, 2000, Gray entered his bother's house and accosted Daniel. Daniel told Gray to leave. Instead, Gray shot Daniel once in the thigh. Daniel fled down a hallway. Gray pursued him and fired again, striking Daniel's heart. Daniel's girlfriend tried to hide under the bed. Gray found her and, placing the gun barrel against her head, forced her to the front of the house. Twice, Gray left the kidnapping victim to discharge additional shots into his brother's lifeless body. When Gray left the second time, the girlfriend fled to summon police from a neighbor's house.

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has not cited or presented any evidence to rebut the Ohio Court of Appeals' factual findings quoted herein. Therefore, petitioner has not demonstrated by clear and convincing evidence that such findings are erroneous.

>Gray left Daniel's house and drove toward Columbus. Ultimately Gray returned to Cincinnati and turned himself in to the police. He told the police that he had accidentally shot his brother and directed the police to the location of the murder weapon.

(Doc. 9, Ex. 21 at 1-2).

Represented by new counsel who also represents petitioner in the instant case, petitioner timely appealed to the Supreme Court of Ohio, challenging on constitutional grounds, his exclusion from the courtroom, his appellate counsel's failure to raise the removal issue ,and his trial counsel's failure to object to his removal. (Doc. 9, Ex. 23). On October 2, 2002, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (*Id.,* Ex. 25).

Petitioner pursued post-conviction relief with the state trial court, but the court found that his case was barred by the doctrine of *res judicata*. (Doc. 9, Ex. 26, 28). His appeal to the Ohio Court of Appeals resulted in the court striking his brief for failure to comply with the local rules. (Doc. 9, Ex. 31). On October 9, 2002, the Ohio Court of Appeals dismissed the appeal because petitioner failed to file an amended brief. (*Id.,* Ex. 32).

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds for relief :

**GROUND ONE:** Mr. Gray's constitutional rights to due process, as guaranteed by the Fifth and Fourteenth Amendments, and his right to a fair and public trial, to be present at his trial, and to confront the witnesses against him, as guaranteed by the Sixth and Fourteenth Amendments, were violated when the trial court removed him from the courtroom.

>**Supporting facts:** During the testimony of the only eyewitness to Mr. Gray's alleged crime, Mr. Gray stood up and cried out that the witness was lying. The trial court immediately had him removed from the courtroom and did not allow him to return for the duration of the witness' testimony. The trial court did not warn Mr. Gray

3

> that his misconduct could lead to removal; Mr. Gray's conduct was not sufficient to warrant his removal; the trial court did not inform Mr. Gray that he could return to the courtroom upon a promise of good behavior; and the trial court made no attempt to remedy the breach of decorum through less restrictive means than the forcible removal of Mr. Gray.
>
> **GROUND TWO:** Mr. Gray was denied his right to the effective assistance of counsel at trial and on direct appeal, in violation of the Sixth and Fourteenth Amendments. Mr. Gray's appellate counsel failed to raise trial counsel's failure to object to Mr. Gray's bodily removal from the courtroom as an assignment of error on appeal.
>
> > **Supporting facts:** Mr. Gray's appellate counsel did not raise the issue outlined in Ground One of the instant petition in Mr. Gray's direct appeal. Nor did appellate counsel raise the issue of trial counsel's failure to object to Mr. Gray's removal from the courtroom. Trial and appellate counsel both rendered ineffective assistance of counsel in this instance.

(Doc. 1, Habeas Petition) [transcript citations omitted].

In the return of writ, respondent argues that petitioner's claims lack merit. (Doc. 9).

## OPINION

**I. Petitioner's claim that the state trial court removed him from the courtroom during trial in violation of his constitutional rights, asserted in ground one of the petition, does not entitle him to habeas corpus relief.**

As his first ground for relief, petitioner argues that the state trial judge removed him from the courtroom during his trial in violation of his constitutional rights.

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d),

4

petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998).

A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.).

A federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942.

The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed

5

to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

Under the Due Process Clause, a defendant has a right to be present "to the extent that a fair and just hearing would be thwarted by his absence." *Kentucky v. Stincer,* 482 U.S. 730 (1987) (quoting *Snyder v. Mass.,* 291 U.S. 97 (1934)). The Confrontation Clause of the Sixth Amendment, obligatory on the states through the Fourteenth Amendment, also guarantees the defendant's right to be present in the courtroom at every stage of his trial. *Illinois v. Allen,* 397 U.S. 337, 338 (1970) (and cases cited therein). Implying that the right is not absolute, the United States Supreme Court in *Allen* elaborated:

> [W]e explicitly hold today that a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.

397 U.S. at 343. The Court added that the right to be present can be reclaimed when the defendant is ready to conduct himself appropriately. *Id.*

Noting that there is "no one formula" for preserving courtroom decorum, the *Allen* Court insisted that trial judges be given "sufficient discretion" to handle the circumstances of each case. *Id.* Binding and gagging a defendant, citing him with contempt, and removing him from the courtroom are three constitutionally permissible methods for handling a disorderly defendant. *Id.* at 343-344.

In his concurrence, Justice Brennan maintained that:

> [o]f course, no action against an unruly defendant is permissible except after he has been fully and fairly informed that his conduct is wrong and intolerable, and warned of the possible consequences of continued misbehavior.

6

*Id.* at 350.

In this case, during the kidnapping victim's testimony on direct examination, the following disruption occurred:

Q. What did he do when you spoke back to him?

A. He put the gun right here –

THE DEFENDANT: Why are you lying? You lying. You know it.

THE COURT: Deputy –

THE DEFENDANT: She knows she's lying.

THE COURT: Deputy, remove him from the courtroom.

THE DEFENDANT: She's lying, your Honor.

MR. GIBSON: Judge, I'd like him out of the room.

THE COURT: What?

MR. GIBSON: I'd like him out of this room.

THE DEFENDANT: She's lying.

THE COURT: Remove him from the courtroom.

THE DEFENDANT: Your Honor, she's lying. She knows it. She's lying.

(The defendant left the courtroom).

(Doc. 9, Ex. 32 at Tr. 243-244).

Outside of the jury's presence, the trial judge explained his actions as

follows:

> Now, for the record, the defendant's outburst, which I trust was captured by the court reporter, was extremely loud and was persistent. In fact, he did it two or three times, made two or three separate outbursts within a fairly short period of time, and that's why I had him removed from the courtroom.

(Tr. 253).

The trial court excluded petitioner from the courtroom for the remainder of the victim's testimony. (Tr. 258, 298). When petitioner returned, the court inquired as to whether there would be any other outbursts to which petitioner responded no and apologized for his earlier behavior. (Tr. 299). The Court admonished petitioner to speak "in hushed tones" to his attorney. (Tr. 299). The judge explained that he had no intention of binding and gagging petitioner, but would simply return him to jail if his misconduct persisted. (Tr. 299).

Relying on Ohio Crim. R. 43(B) and *Illinois v. Allen*, the Ohio Court of Appeals determined that the trial judge's immediate removal of defendant from the courtroom was well within the court's "sound discretion to avoid disruptive conduct by the defendant." (Doc. 9, Ex. 21 at 3). On this basis, the Ohio Court of Appeals overruled petitioner's claim that the trial court erred in failing to warn him before his removal. (*Id.*).

While the language of the Supreme Court in *Allen* suggests that a warning is required before removal of a defendant for disruptive behavior, there is a disagreement among circuits as to whether the warning is constitutionally required by *Allen*. In *Franco v. Costello,* 322 F. Supp.2d 474, 477 (S.D.N.Y. 2004), the Federal District Court rejected a warning requirement, explaining:

> . . . *Allen* did not adopt a *per se* rule, proscribing the removal of a defendant without warning, regardless of the circumstances. In fact, the Second Circuit does not interpret *Allen* or its progeny as requiring a warning in all situations. Indeed, it stated in one removal case that "[w]e have held that 'even absent a warning, a

8

>    defendant may be found to have forfeited certain trial-related
>    constitutional rights based on certain types of misconduct.'"

322 F.Supp.2d 477 (citing *Norde v. Keane,* 294 F.3d 401, 413 (2nd Cir. 2002)) (in turn quoting *Gilchrist v. O'Keefe,* 260 F.3d 87, 97 (2nd Cir. 2001), *cert. denied,* 535 U.S. 1064 (2002)). Other circuits have voiced their skepticism that *Allen* requires a warning. *See United States v. Shepherd,* 284 F.3d 965, 967 (8th Cir. 2002) ("While we think that the district court's failure to warn Shepherd about his imminent removal is troublesome, under the facts of this case and mindful of the deference due the trial judge, we cannot say that Shepherd's removal rises to the level of a constitutional violation."); *United States v. Goldberg,* 67 F.3d 1092, 1101 (3rd Cir. 1995) ("Whether or not the warning was required as a matter of constitutional law or under the particular facts [of *Allen*] is somewhat unclear.") Yet, there are some courts that consider a warning a constitutional prerequisite to removal. *See United States v. Lawrence,* 248 F.3d 300, 305 (4th Cir. 2001); *Taylor v. Wainwright,* No. 840572-CIV-T-10(C), 1989 WL 126490, at *13 (M.D. Fla. Oct. 4, 1989).

Because the United States Supreme Court has not clearly established the necessity of a warning before removal, as is evidenced by the disagreement among federal courts on the subject, petitioner has not demonstrated that the decision of the Ohio Court of Appeals upholding his removal without warning was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

Petitioner further argues that his conduct was insufficient to warrant removal and that less restrictive means should have been considered. Petitioner's conduct in this case consisted of two outbursts accusing the witness of lying, followed by three more after the trial judge ordered his removal. The parties do not indicate that petitioner engaged in any other misconduct during the proceedings. Petitioner's conduct was significantly less egregious than the defendant in *Allen* who had multiple outbursts, argued with the judge, tore up and threw papers on the floor, and stated to the judge "[w]hen I go out for lunchtime, you're . . .going to be a corpse here." 397 U.S. at 340. In fact, petitioner's conduct fell short of that of many defendants whose expulsions have been upheld under *Allen*. *See, e.g., Scurr v. Moore,* 647 F.2d 854, 855-856 (8th Cir.), *cert. denied,* 454 U.S. 1098 (1981); *Franco,*

9

322 F. Supp.2d at 477("[P]etitioner made repeated outbursts during the trial, including singing, moaning and unsolicited commentary during testimony and summation and just prior to his removal during the supplemental jury instructions").

While petitioner's conduct was not as flagrant or pervasive as that of Allen, it was sufficient to require action on the part of the judge. Deference must be given to the trial judge who has the actual responsibility for courtroom conduct and who is in the best position to determine the effect of petitioner's behavior on the proceedings. *Foster v. Wainwright,* 686 F.2d 1382, 1388 (11th Cir. 1982), *cert. denied,* 459 U.S. 1213 (1983). In addition, although a number of methods are available for dealing with disruptive behavior, it is for the trial judge to decide which is appropriate in a particular case. *See Allen*, 397 U.S. at 343; *United States v. Beasley,* 72 F.3d 1518, 1530 (11th Cir.), *cert. denied,* 518 U.S. 1027 (1996); *Scurr,* 647 F.2d at 858. The *Allen* Court recognized that "trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." 397 U.S. at 343.

Here, the yelling "you're lying" when a witness is trying to testify, as petitioner did in this case, is clearly disruptive of the proceedings. Considering the deference due to the trial judge in assessing whether behavior is disruptive and in constructing the proper remedy, this Court finds that the exclusion of petitioner from the courtroom during the victim witness's testimony was well within the discretion of the state court judge.

Petitioner further takes issue with the trial court's failure to inform petitioner that he could return to the courtroom upon a promise of good behavior. However, there is no requirement to provide such information to a defendant under *Allen.  Scurr,* 647 F.2d at 858; *Taylor v. Wainwright,* 1989 WL 126490, at *14 . The *Allen* decision only states that the confrontation right can be reclaimed when petitioner alters his behavior. 397 U.S. at 343.

Accordingly, the decision of the Ohio Court of Appeals upholding petitioner's removal is not contrary to or an unreasonable application of clearly established Supreme Court precedent, including *Allen,* nor an unreasonable determination of the facts in this case.

In order to merit habeas corpus relief, a petitioner must not only show that the state court failed properly to apply clearly established Supreme Court law, but also that the error had a substantial and injurious effect on the verdict. *See Calderon v. Coleman,* 525 U.S. 141, 145 (1998) (per curiam) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (which adopted the standard of review enunciated in *Kotteakos v. United States,* 328 U.S. 750 (1946), for federal habeas review of state convictions)). Under *Brecht,* if the court is convinced upon review of the entire record that the error did not influence the verdict or had but slight effect, the verdict must stand. *See Kotteakos,* 328 U.S. at 764; *see also Barker v. Yukins,* 199 F.3d 867, 874 (citing *O'Neal v. McAninch,* 513 U.S. 432, 435-38 (1995)), *cert. denied,* 530 U.S. 1229 (2000). On the other hand, if the court "is left in grave doubt," the court must find that the error had substantial influence on the verdict and cannot stand. *Kotteakos,* 328 U.S. at 765; *see also O'Neal,* 513 U.S. at 436; *Barker,* 199 F.3d at 873-74.

Assuming, *arguendo,* that the state trial court erred in this case, the court's exclusion of petitioner was harmless error under *Brecht* because petitioner has not argued nor demonstrated that his absence during the victim's testimony negatively affected the verdict. *Cf. Childs v. Lefevre,* No. 88-CV-0195E(M), 1993 WL 266819, at *6 (W.D.N.Y. July 12, 1993) (harmless error analysis applies where petitioner's removal from courtroom violated confrontational rights). Petitioner has not shown that his absence impeded his attorney's ability to represent him effectively. *Cf. Foster,* 686 F.2d at 1388 (prejudice to defense low because petitioner did not show that his absence hampered counsel's representation).

In sum, with respect to his first ground, petitioner has not met the AEDPA standard for relief, nor has he shown that the alleged error was anything but harmless error under *Brecht.***²**

---

² Although concluding that petitioner is not entitled to habeas corpus relief with respect to ground one, the undersigned is troubled by the trial judge's handling of petitioner's outburst. While a warning by the trial court is not universally accepted as a constitutional requirement under *Allen*, advising petitioner that his behavior is inappropriate and warning him of the consequences (i.e., removal) if the misbehavior continues is clearly the better judicial practice. *See* Fed. R. Crim. P. 43(c)(1)(C). A warning was particularly appropriate in this case, where petitioner had no history of misconduct during the court proceedings and the outbursts were an

## II. Petitioner is not entitled to habeas corpus relief with respect to his ineffective assistance of counsel claims asserted in ground two.

As his second ground for relief, petitioner asserts that his trial counsel was ineffective for failing to object to his removal and his appellate counsel was ineffective for failing to raise the removal issue and the issue of trial counsel's ineffectiveness for failing to object to his removal.

To demonstrate that counsel's performance was constitutionally ineffective, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *See id.* at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.*

In order to satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been

---

isolated event. Moreover, whether or not petitioner's single misstep is sufficient to warrant removal is a close question. This Court is compelled to rule in respondent's favor on this issue because of the deference and broad discretion accorded state trial judges in providing for the orderly administration of justice in their courtrooms.

12

different. *See id.* at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *See id.* at 693. However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *See id.* at 695.

Petitioner has not met the prejudice prong of *Strickland*. Trial counsel's failure to object to petitioner's removal and preserve the issue for appeal and appellate counsel's failure to raise a claim challenging his removal did not prejudice the defense because the Ohio Court of Appeals considered the removal issue and rejected it when petitioner raised it *pro se*. Moreover, because petitioner has not shown that his defense suffered because of his counsel's inability to consult with him when he was excluded from the courtroom during the victim's testimony, petitioner has not demonstrated that his attorneys' failure to act prejudiced his case.[3]

Since petitioner has not demonstrated that his attorneys' inactions were prejudicial to his case, he has not established constitutionally ineffective assistance of counsel at either the trial or appellate level. Accordingly, petitioner is not entitled to relief with respect to his second ground.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should issue with respect to petitioner's claim alleged in Ground One because reasonable jurists could debate whether this claim should have been resolved in a different manner and, alternatively,

---

[3] It is quite possible that trial counsel acquiesced to the removal because he was concerned that his client's outbursts made a conviction more likely. *Cf. Shepherd,* 284 F.3d at 967 (defense counsel agreed with trial judge that if defendant remained in the courtroom, his behavior would harm his case in the eyes of the jury).

whether the issue presented in this ground for relief is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).  A certificate of appealability should not issue with respect to petitioner's ineffective assistance of counsel claims asserted as his second ground for relief because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

   3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith" and, therefore , GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

               Respectfully submitted,

Date:   September 7, 2005               s/Timothy S. Black
   hr            Timothy S. Black
                United States Magistrate Judge

J:\ROSENBEH\2254(2005)\03-520presence.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Mathew Gray,
    Petitioner

vs                                      Case No. 1:03cv520
                                                  (Dlott, J.; Black, M.J.)

Ernie Moore,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).