IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MATTHEW GRAY, : | |
| : | |
| Plaintiff(s) : | |
| : | Case Number: 1:03cv520-SJD |
| vs. : | |
| : | District Judge Susan J. Dlott |
| ANTHONY BRIGANO, Warden : | |
| : | |
| Defendant(s) : | |

ORDER

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Timothy S. Black. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and filed with this Court on September 7, 2005 Report and Recommendations (Doc. 20).  Subsequently, the Plaintiff filed objections to such Report and Recommendations (Doc. 23).

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Recommendations should be adopted.

Petitioner's petition for writ of habeas corpus pursuant to 28 USC Section 2254 (Doc. 1) is DENIED with prejudice;  a certificate of appealability will issue with respect to petitioner's claim alleged in Ground One since reasonable jurists could debate whether this claim should have been resolved in a different manner and, alternatively, whether the issue presented in this ground for relief is"adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v McDaniel,* 529 U.S. 473, 484 (2000) (in

turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).  A certificate of appealability should not issue with respect to petitioner's ineffective assistance of counsel claims asserted as his second ground for relief because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding.  *See* 28 U.S.C. §2253 ( c ); Fed.R. App.P. 22(b).  Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)); and with respect to any application by petitioner to proceed on appeal *in forma pauperis*, the court should certify pursuant to 28 U.S.C. §1915(a)(3) that an appeal of any order adopting this Report and Recommendation is taken in "good faith" and, therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed.R. App.P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

       IT IS SO ORDERED.

                                            ___s/Susan J. Dlott_____
                                            Susan J. Dlott
                                            United States District Judge